# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEN JONAS WALLS,

      Plaintiff,

  v.                                       Case No. 19-CV-1578

STATE OF WISCONSIN,

      Defendant.

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING THE COMPLAINT

On October 28, 2019, Danien Jonas Walls filed a complaint against the State of Wisconsin under 42 U.S.C. § 1983. (ECF No. 1). He was not incarcerated at the time he filed his complaint. Walls also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (ECF No. 2). Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, I have jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. Because I find Walls is indigent, I will grant his motion to proceed without prepayment of the filing fee. However, because Walls fails to state a claim upon which relief can be granted, I will dismiss his complaint.

# ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Walls' motion, he is unemployed and has no income or assets. (ECF No. 2 at 1-5). As such, I conclude that he is unable to pay the filing fee and

2

turn to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Walls is representing himself, I construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Walls alleges that Wisconsin State Court Judge David Feiss granted him a bail reduction and allowed him to be released with a GPS tracker upon paying bail. Walls states he posted bail on September 8, 2019. He was then informed that he would not be released because a GPS tracker was not available. Specifically, he was informed that he was on a waiting list to be released and that he was number 12 on the list. He states that he has waited several weeks to be released with the GPS tracker. He alleges that this violates his constitutional rights because it is cruel and unusual punishment and unjust imprisonment. He demands monetary damages of $5,000.00 per day for each day he was held in custody after posting bail. He also demands that the court order "the abolishment of this unjust and mentally damaging Act/practice." (ECF No. 1 at 5).

The only defendant Walls names is the State of Wisconsin. The Eleventh Amendment bars suits against states by its own citizens, including suits for monetary damages under 42 U.S.C. § 1983. *McGee v. Oshkosh Defense, LLC,* No. 18-cv-705, 2019 WL 4758216 at *6 (W.D. Wis. Sept. 30, 2019) (quoting *Will v. Michigan*

3

*Dept. of State Police*, 491 U.S. 58 66 (1989)). Walls also requests injunctive relief, but the Eleventh Amendment permits suits for injunctive relief only against *state officials* in their individual capacity, not the state itself. *Id.* (quoting *Kroll v. Bd. of Trustees of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991))(emphasis added). Walls fails to name any state officials. As such, he fails to state a claim upon which relief may be granted, and I will dismiss his case.

**THEREFORE, IT IS ORDERED** that Walls' motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** because the complaint fails to state a claim upon which relief can be granted.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of January, 2020.

BY THE COURT:

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge